UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

TYLER PAHL, on his own behalf and
others similarly situated,

    Plaintiff,

v.

THE DAVEY TREE EXPERT COMPANY,
an Ohio Corporation,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff, TYLER PAHL (hereinafter referred to as "Plaintiff"), was an employee of Defendant, THE DAVEY TREE EXPERT COMPANY, and brings this action on behalf of himself and other current employees and former employees of Defendant similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

2. In one or more work weeks during the three (3) year statute of limitations period between approximately June 2008 and May 2009, Plaintiff performed non-exempt duties for Defendant in Hillsborough County, Florida in a position known as "Data Collection Technician."

3. Defendant, THE DAVEY TREE EXPERT COMPANY, an Ohio Corporation, has at all times material hereto been engaged in business in multiple locations, including Hillsborough County, Florida. It is the intent of this collective action to apply to all similarly situated employees regardless of location.

4. This action is brought to recover from Defendant unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b).

6. At all times material to this Complaint, THE DAVEY TREE EXPERT COMPANY has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

7. Based upon information and belief, the annual gross sales volume of THE DAVEY TREE EXPERT COMPANY was in excess of $500,000.00 per annum at all times material hereto.

8. At all times material to this Complaint, THE DAVEY TREE EXPERT COMPANY was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9. The additional persons who may become Plaintiffs in this action are Defendant's current and former non-exempt "Data Collection Technicians" who have worked in excess of Forty (40) hours during one or more work weeks on or after approximately July 2007 but did not receive time and a half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

10. Plaintiff regularly worked in excess of Forty (40) hours per week in one or more weeks during his employment with Defendant within the three (3) year statute of limitations period between approximately June 2008 and May 2009.

11. Likewise, the other employees similarly situated to Plaintiff have regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendant between July 2007 and the present.

12. However, Defendant did not pay time and one-half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to him in one or more work weeks between July 2007 and the present.

13. Based upon information and belief, records of hours worked by Plaintiff and the other similarly situated employees within the three (3) year statute of limitations period are in the possession and custody of Defendant.

14. The complete records relating to compensation paid to Plaintiff and the other similarly situated employees to Plaintiff are in the possession and custody of Defendant.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

15. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 14 above.

16. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked for Defendant in excess of Forty (40) hours per work week between approximately June 2008 and May 2009.

17. All similarly situated employees of Defendant are similarly owed their overtime rate for each overtime hour they worked for Defendant and were not properly paid in one or more work weeks between July 2007 and the present.

18. Defendant has knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to him at time and one-half of their respective regular rates pay for

all hours worked in excess of Forty (40) per week in one or more work weeks between June 2007 and the present.

19. By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages, plus incurring costs and reasonable attorneys' fees.

20. As a result of Defendant's willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

21. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

22. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, TYLER PAHL, and those similarly situated to him who have or will opt into this action, demand judgment against Defendant, THE DAVEY TREE EXPERT COMPANY, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

Dated: June 30, 2010
Boca Raton, Florida

Respectfully submitted,

_____
Keith M. Stern (Florida Bar No. 321000)
E-mail: kstern@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Tel: (561) 447-8888; Fax: (561) 447-8831
Attorneys for Plaintiff